**Samuel PAPER and Sophie Paper, Appellants,**

v.

**DISTRICT OF COLUMBIA REDEVEL-OPMENT LAND AGENCY, Appellee.**

**No. 15703.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 27, 1960.

Decided Dec. 1, 1960.

Mr. John L. Laskey, Washington, D. C., with whom Mr. Harry S. Klavan, Washington, D. C., was on the brief, for appellants.

Mr. S. Billingsley Hill, Atty., Dept. of Justice, with whom Messrs. Roger P. Marquis and Robert R. MacLeod, Attys., Dept. of Justice, were on the brief, for appellee.

Before EDGERTON,* DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

A condemnation jury found that $40,-000 constituted just compensation for the taking of appellants' property. The sole issue now presented stems from the District Court's exclusion of proffered evidence which, if received, might have led to a larger award, appellants assert.

Involved was a lot containing about 2300 square feet upon which was located a one-story building where the appellants conducted a combination liquor and grocery business. Concededly, such was the highest and best use of the property.

Since the business was substantially family owned, appellants asserted that a rental of only $250 per month was charged. Thus, they argued that such an amount did not and could not reflect what should have been an adequate and fair rental. Appellants claimed that since rentals obtainable from properties used for retail commercial purposes may in substantial degree depend upon the volume of business done, they were entitled

* Circuit Judge Edgerton did not participate in the consideration or decision of this case.

to establish that by a custom of the trade particularly in the operation of a liquor store, 2.2% of the gross income over a 4-year period would properly reflect the fair market rental. The latter figure should, when properly capitalized, demonstrate a fair market value for the particular property in suit. Accordingly and on that basis, appellants proffered evidence calculated to support their claim. The trial judge refused to receive such evidence.

■ Of course, evidence of loss of profits and of other consequential losses is not to be received in federal condemnation proceedings.[1] Thus the Government would counter appellants' claim of error in the ruling.

■ But the appellants were not claiming because of a taking of the business or its destruction. What they sought to show were elements largely to be developed by applying a business formula which fairly might enter into an informed "guess" as to market value,[2] particularly where an entire area was being taken as part of a redevelopment project.[3] The Government's objection to the evidence at most went to its weight, not its admissibility, under the circumstances shown on this record.[4] Even so, we do not find ourselves required to reverse, for the appellants clearly had the benefit of comparable evidence of fair market value, not at variance in total from what they sought to show.

One of the Government experts testified that one of the methods utilized in arriving at his conclusion involved capitalizing income "on the basis of the $350 a month rent that was being paid," as he understood, "under the lease." He likewise took into account other known rentals in the area. Another Government witness testified to his use of "the three usual methods of approach." "Since the

property was, in effect, owner-occupied, I approached it on the basis of my estimate of its rental value, which [sic] I then undertook to charge against that sum expenses of ownership and operation of the property, and capitalized the estimated net income, the remainder, into an estimated value."

Appellants' proffer of a fixed percentage of gross income as a factor would have yielded a monthly rental "figure of 382 or 85, within that close range," counsel informed the court. "We want that extra $32.," he said. The proffer was rejected on the ground that evidence as to the gross income of the business to establish the fair rental value would be "uncertain" and "conjectural," the judge ruled. But appellants presented their version of the fair rental value, nonetheless.

Mr. Paper, as a businessman and with his knowledge of the property, gave as his opinion that the fair rental value was $500 per month, although his son-in-law was paying only $250 per month. Mr. Paper thus valued the property at $60,-000. Mr. Paper's expert testified: "In view of the fact that the property was occupied and used by the owner, it was necessary to fix a fair rental value upon it, and [I] capitalized the net return. After deductions for the various expenses of the property owner." He thus ascertained the fair market rental value of the property to be $382.50 per month which he capitalized at 6 per cent, "giving a figure of $51,910."

Appellants thus had the benefit of evidence to demonstrate their claim to "that extra $32." It is obvious that the jury could have accepted as one method of proof of valuation that which rested upon the capitalization of a fair market rental. It is equally clear that the jury did not accept the opinions of the Government's experts which, in part at least, incorpo-

1. United States v. Petty Motor Co., 1946, 327 U.S. 372, 378, 66 S.Ct. 596, 90 L. Ed. 729.

2. Cf. United States v. Miller, 1943, 317 U.S. 369, 374, 375, 63 S.Ct. 276, 87 L. Ed. 336.

3. See Berman v. Parker, 1954, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27.

4. Chicago, B. & Q. R. Co. v. North Kansas City Development Co., 8 Cir., 134 F.2d 142, 152, certiorari denied 1943, 319 U.S. 771, 63 S.Ct. 1437, 87 L.Ed. 1719.

rated the capitalization method, but with a considerably less final figure than that claimed by the appellants. That the jury verdict as to just compensation might have been reached upon the opinions of valuation voiced by the appellant and his expert rather than by the application of the business formula to the gross income thus renders immaterial the exclusion of the proffer. The actual value, so calculated on the fair market rental according to the evidence, was the same—or substantially the same—by whichever approach the final valuation was reached. It has not been contended that counsel was limited in argument or that the judge failed in his instructions to give the jury adequate guidance as to the basis for its verdict establishing just compensation.

We have not been persuaded that the appellants were prejudiced by the challenged ruling. Concededly, there was no other possible error in the trial, and we conclude that the judgment on the jury's verdict must be

Affirmed.